**FILED**

**April 14, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **M.P.**

**No. 21-0817** (Kanawha County 20-JA-272)

## MEMORANDUM DECISION

Petitioner Mother D.H., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 14, 2021, order terminating her parental rights to M.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine Campbell, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the father after the Kanawha County Family Court ordered Child Protective Services ("CPS") to take emergency custody of the child based upon extensive domestic violence between the parents. The DHHR alleged that petitioner and the father accused each other of physically abusing the child, resulting in bruising. Petitioner also provided photographs of her own injuries that were indicative of abuse perpetrated against her by the father, and she claimed that the domestic violence occurred in the child's presence. Reunification services were put in place following an initial preliminary hearing held in August of 2020.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The circuit court held a series of adjudicatory hearings throughout October and November of 2020, during which the DHHR presented testimony of the abuse. During that period of time, petitioner tested positive for methamphetamine and amphetamine and, at the final adjudicatory hearing held in January of 2021, she stipulated to the conditions of abuse and neglect contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period. As part of the terms and conditions of her improvement period, petitioner was required to attend domestic violence counseling, attend parenting and adult life skills classes, and submit to random drug screens.

Petitioner tested positive for methamphetamine and amphetamine in February and March of 2021. A review hearing was held in May of 2021, and the DHHR noted that, aside from petitioner's two positive drug screens, she was complying with all services and making progress, participating in therapy, and working on her mental health. As such, the DHHR recommended that petitioner's improvement period be continued. A second review hearing was held in June of 2021. By that time, petitioner's improvement period had expired by its own terms, and petitioner requested that services remain in place until disposition. A service provider testified that petitioner was not fully compliant with services, was not cooperating with the service provider, tested positive for drugs a few times, and did not confirm her physical address with the service provider. Based on this testimony, the circuit court denied petitioner's motion to continue services and set the matter for disposition. Sometime thereafter, petitioner became pregnant with a child not at issue in this appeal.

The circuit court held a dispositional hearing in September of 2021. A CPS worker testified that petitioner only sporadically complied with services and continued to abuse drugs throughout the proceedings and, therefore, recommended that her parental rights be terminated. Ultimately, the circuit court found that petitioner had not corrected the conditions of abuse and neglect that led to the petition's filing, had "done nothing to show the [c]ourt that she is willing or able to parent a child," and overall had been noncompliant with services. The circuit court also noted that petitioner continued to abuse drugs despite being pregnant with another child. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that she would correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the September 14, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

_____

[2]The father's parental rights to the child were also terminated below. The permanency plan for the child is adoption by a relative.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-dispositional improvement period. According to petitioner, she demonstrated that she could successfully complete an improvement period as she complied with services offered and expressed a willingness to address the conditions of abuse and neglect. Petitioner acknowledges her failed drug screens but contends she should have been given more time to address the conditions of abuse and neglect, especially given that she was pregnant and proceedings with regard to that child were imminent.

West Virginia Code § 49-4-610(3)(B) requires that, to be granted a post-dispositional improvement period, a parent must "demonstrate, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." Further, in circumstances where a parent was previously granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that due to the change in circumstances, the parent "is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner completely fails to cite to the record demonstrating that she requested a post-dispositional improvement period or presented any evidence in support of said motion. *See* Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021) (holding that a circuit court may not grant a respondent parent an improvement period unless the respondent parent files a written motion requesting the same). Accordingly, we cannot find that the circuit court erred in denying her a post-dispositional improvement period. However, even if petitioner properly requested a post-dispositional improvement period, she failed to meet the applicable burden of demonstrating she was entitled to the same. In her brief on appeal, petitioner fails to acknowledge the heightened burden of demonstrating a substantial change in circumstances given that she was previously granted a post-adjudicatory improvement period. While petitioner states that she complied with services, the record demonstrates that, after her initial compliance with services, she ceased complying and failed to cooperate with her service provider. Further, she continued testing positive for drugs throughout the proceedings. This Court has held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Given petitioner's noncompliance with services offered throughout her post-adjudicatory improvement period, we find no error in the circuit court's decision to deny her a post-dispositional improvement period, especially given that petitioner failed to demonstrate a substantial change in circumstances.

We likewise find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to follow through with services designed to reduce or prevent the abuse or neglect of the child. While petitioner participated in her improvement period for a portion of the proceedings below, she continued testing positive for methamphetamine and ceased complying with other services. Given the evidence presented below, the circuit court found that petitioner "has done nothing to show . . . that she is willing or able to parent a child" and failed to correct the conditions of abuse and neglect as demonstrated by her noncompliance with services. Under these circumstances, petitioner's failure to successfully complete her improvement period was sufficient to support the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that she should have been given more time to comply with services simply because she was pregnant with another child, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner failed to remedy the conditions of abuse and neglect and, thus, termination of her parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2021, order is hereby affirmed.

Affirmed.

4

**ISSUED**: April 14, 2022


**CONCURRED IN BY**:


Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment